UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - -)
JEREMY ZIELINSKI, Plaintiff,   )
                               )
    -against-                  )
                               )
BRIAN FISCHER, Commissioner, New York )
State Department of Correctional      )
Services, and                  )
                               )
EDWIN ELFELDT, Guidance and Counseling )
Coordinator, New York State Department )
of Correctional Services, and  )
                               )   COMPLAINT - 42 U.S.C. § 1983
WILLIAM HULIHAN, Superintendent, Mid- )
State Correctional Facility, and )  Civ. Action No._____
                               )
DALE ARTUS, Superintendent, Gowanda )  Jury Trial Demanded
Correctional Facility, and     )
                               )
SUSAN NEAFACH, Correction Counselor, )
Mid-State Correctional Facility, and )
                               )
T. DOBBINS, Correction Officer, Mid- )
State Correctional Facility,   )
                               )
individually and in their official )
capacities,                    )
              Defendants.      )
- - - - - - - - - - - - - - - -)
```



## JURISDICTION

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States and New York State Constitutions and New York State Correction Law. The plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure. The plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §§ 2283 and 2284 and

1

Rule 65 of the Federal Rules of Civil Procedure. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## INTRODUCTION

2. This action challenges the constitutionality of prison rules authorizing staff within the New York State Department of Correctional Services ("DOCS") to censor a broad range of printed, written and other materials and media sources protected by the First Amendment and Article 1 § 8 of the New York State Constitution in a program known as the Sex Offender Counseling and Treatment Program ("SOCTP"); the constitutionality of prison rules prohibiting inmates from possessing or accessing censored materials after they are no longer participating in that program; and the constitutionality of censorship that has taken place pursuant to the challenged rules.

## PARTIES

3. Plaintiff JEREMY ZIELINSKI is and was at all times relevant to this action a prisoner of the State of New York confined at various prisons under the jurisdiction of DOCS, including Mid-State Correctional Facility in Marcy, NY, and currently confined at Gowanda Correctional Facility in Gowanda, NY.

4. Defendant BRIAN FISCHER is the Commissioner of DOCS. In that capacity he is legally responsible for the overall operation of DOCS and for implementing and enforcing its policies.

5. Defendant EDWIN ELFELDT is the Guidance and Counseling Coordinator for DOCS. In that capacity he is legally responsible for establishing the policies and procedures of the SOCTP and for overseeing its operation.

6. Defendant WILLIAM HULIHAN is the Superintendent of Mid-State Correctional Facility. In that capacity he is legally responsible for the overall operation of that prison and for the welfare of all the inmates there.

7. Defendant DALE ARTUS is the Superintendent of Gowanda Correctional Facility. In that capacity he is legally responsible for the overall operation of that prison and for the welfare of all the inmates there.

8. Defendant SUSAN NEAFACH is a Correction Counselor employed by DOCS assigned to Mid-State Correctional Facility.

9. Defendant T. DOBBINS is a Correction Officer employed by DOCS assigned to Mid-State Correctional Facility.

10. Each of the defendants is sued individually and in their official capacity. At all times mentioned herein each of the defendants was operating under color of state law.

## FACTS

11. DOCS operates the SOCTP at various New York State prisons, including Mid-State Correctional Facility ("MSCF") and Gowanda Correctional Facility ("GCF"), among others, pursuant to New York State Correction Law § 622.

12. Defendant FISCHER, through defendant ELFELDT, has established and enforces a policy that all inmates who participate in the SOCTP must sign a number of DOCS forms before being allowed to participate.

13. The SOCTP is considered a "recommended" program for inmates who meet the eligibility criteria for participation. Refusal to participate carries a number of adverse consequences, including an inevitable loss of good time and denial of release to parole, adverse consequences for closer-to-home transfers and work assignments, and can be used against refusers at a sex offender

registration hearing to justify a higher level of registration.

14. Refusal to sign, or any attempt to reserve rights when signing, the forms which establish the rules challenged herein constitutes a refusal to participate in the SOCTP. Thus, for all practical purposes, inmates are required to sign the forms or suffer severe adverse consequences.

15. Two of the forms, entitled "Waiver of Access to Pornography, Photographs and Other Materials" and "Amendment to Waiver of Access to Pornography, Photographs and Other Materials" are challenged in this action.

16. The First form inmates are required to sign is entitled "Waiver of Access to Pornography, Photographs and Other Materials." A copy of the form is attached and incorporated hereto as **Exhibit A** ("Waiver Form").

17. The Waiver Form prohibits inmates from "possessing or having access to materials which in the judgment of the treatment staff may be deemed to be pornography or other materials which the treatment staff have determined may encourage or otherwise suggest inappropriate sexual impulses or feelings."

18. The essential terms "having access to," "materials," "pornography," "treatment staff," "inappropriate," "sexual impulses" and "feelings" are not defined in any way.

19. "Treatment staff" has been interpreted to include general correction staff, including correction officers and clerical staff. At MSCF, even certain inmates, called "coordinators," have and had review and censorship authority.

20. "Treatment staff" have discretion to prohibit any materials that "may be deemed to be pornography," but no guidance is given as to how such determinations are to be made nor are any standards or procedures established.

21. "Treatment staff" have discretion to prohibit any materials that "may encourage or otherwise suggest inappropriate sexual impulses or feelings," but

no guidance is given as to how such determinations are to be made nor are any standards or procedures established.

22. "Treatment staff" have authority and discretion to review "questionable materials" to retroactively determine if they are "pornography" or "inappropriate;" but the essential terms "questionable materials," "pornography" and "inappropriate" are not defined in any way; and no guidance is given as to how such determinations are to be made nor are any standards or procedures established.

23. Possession of "pornography or other material found to be inappropriate" can be penalized with inmate misbehavior reports, demotion to a lower level of the SOCTP or expulsion from the program. No guidance is given as to how such penalties are to be determined, including which departmental rule or rules such possession violates, nor are any standards or procedures established.

24. The Waiver Form prohibits inmates from possessing "inappropriate materials" after successful completion of the SOCTP and during any time treatment is "suspended," for as long as they are in DOCS custody.

25. Possession of "inappropriate materials" after successful completion of the SOCTP or during any time treatment is "suspended" is "considered a relapse;" and results in inmates being required to participate in the SOCTP again, in "documentation" being placed in prison records, and in the New York State Division of Parole and New York State Board of Examiners of Sex Offenders being "notified."

26. The essential terms "inappropriate," "relapse," and "suspended" are not defined in any way; nor is any guidance or information given as to what "documentation" will be placed in prison records or what it can be used for; nor is any guidance or information given as to what the Division of Parole and Board

of Examiners will be "notified" of or what such notifications can be used for.

27. With regard to possession of "inappropriate materials" after successful completion of the SOCTP or during any time treatment is "suspended," no guidance is given as to who can make determinations of whether materials are "inappropriate" or as to how such determinations are to be made, nor are any standards or procedures established.

28. The Waiver Form grants "treatment staff" the authority and discretion to modify "the list of pornography, photographs and other materials [inmates] may not possess, read, access or use...at any time during [their] participation in the program;" but no guidance is given as to when or under what conditions such modifications can be made nor are any standards or procedures established.

29. The second form inmates are required to sign is entitled "Amendment to Waiver of Access to Pornography, Photographs and Other Materials." A copy of the form is attached and incorporated hereto as **Exhibit B** ("Amendment Form").

30. The Amendment Form prohibits inmates from "accessing, possessing, reading or otherwise using" any materials staff have "deemed...to be either pornography or materials that may encourage or suggest inappropriate sexual impulses or feelings."

31. As the Amendment Form uses language virtually identical to, and is incorporated into, the Waiver Form, the plaintiff realleges Paragraphs 17 through 27 with respect to materials prohibited by the Amendment Form.

32. The Amendment Form's prohibitions vary on an inmate-by-inmate basis. The plaintiff was required to sign an Amendment Form that prohibits "pictures of victims/teenage or underaged children (suggestive)." The essential term "suggestive" is not defined in any way; "teenage" includes 18- and 19-year-old adults; and no guidance is given as to how age is to be determined solely from

photographs nor are any standards or procedures established.

33. The prohibitions contained within the Waiver Form and the Amendment Form (hereinafter the "Censorship Rules") have been and are being applied to deny access to books, magazines, newspapers, personal photographs, personal correspondence, drawings, television programs, movies, radio broadcasts and audiocassettes.

34. The Censorship Rules establish no procedures for documentation of censorship determinations or any mechanism for appeal or further review of such determinations.

35. As a result, nearly all of the censorship that has taken place has been completely undocumented.

36. The exhaustive prohibitions and arbitrary censorship have caused the plaintiff and other inmates to engage in self-censorship to avoid running afoul of the Censorship Rules or staff's ability to retroactively determine that materials are prohibited.

37. The plaintiff and others have refrained from possessing, reading or, to the extent possible, being in close proximity to the following publications and other materials: People, Time, Jet, Star, National Enquirer, Men's Health, Men's Fitness, Sports Illustrated, ESPN, Sport Compact Car, NASCAR Illustrated, National Geographic, Tattoo, Esquire, GQ, Cosmopolitan, Rolling Stone, Popular Science, Popular Mechanics, Good Housekeeping, U.S. News and World Report, Newsweek, XXL, Dub, Rides, Hot Rod, The Source, Hip Hop Weekly, Essence, Ebony and InTouch magazines; many local and national newspapers that contain photographs of male or female athletes or clothing advertisements; all romance and urban fiction novels, as well as most western, detective, fantasy, science fiction and vampire novels; many anatomy, biology, psychology, true crime, art

and Greek and Roman history books; and various other types of printed and written materials, due to the fact that virtually any photograph or depiction of the male or female human form can be, and has been at one point or another, considered "inappropriate;" as can be and have been writings that depict any form of violence, criminal acts, or characters engaging in romantic or sexual activities.

38. At various times, the plaintiff and others have been prohibited from viewing a wide variety of television programs and movies which were considered "inappropriate;" including but not limited to all programs except men's boxing on the channel HBO, all wrestling events, all gymnastics events, women's skating and tennis events, all music videos, and many reality television programs.

39. Books, magazines, photographs, correspondence and other materials have been confiscated for "review by counselors" or deemed "inappropriate" without any review at various times and have not been returned. No documentation of the censorship has been made nor have any specific reasons for determinations been given, nor have any hearings or appeals been provided.

40. On August 28, 2009 at MSCF the plaintiff received a copy of a book entitled "A Natural History of Rape: The Biological Bases of Sexual Coercion" by Randy Thornhill and Craig T. Palmer. That book explores the evolutionary bases of sexually-coercive behavior and is written by two well-known authors in the field of sexual offense research. It was confiscated by defendant DOBBINS for "counselor review" immediately upon receipt by the plaintiff and delivered to defendant NEAFACH. It was never returned.

41. In recent prison grievances by inmates challenging the "SOP TV policy," DOCS' Central Office Review Committee has expanded the authority of staff to

expressly include restricting access to any "media sources that may be deemed counterintuitive or counterproductive to the treatment process," citing as authority the portion of the Waiver Form granting staff authority to modify the list of prohibited materials at any time and claiming this is "ultimately in the best interest of the program participants."

42. Upon personal knowledge and information and belief, the basis of which is interviews of inmates who have participated in the SOCTP at various facilities, and which further investigation and discovery will likely uncover evidence of, inmates have been disciplined and expelled from the SOCTP, and have been denied parole release and lost good time credits as a result, due to arbitrary decisions that materials and media sources are "inappropriate."

## CLAIMS FOR RELIEF

43. The plaintiff realleges Paragraphs 1 through 42.

44. The Waiver Form and resulting censorship violate and have violated the plaintiff's and many other inmates' rights under the First and Fourteenth Amendments to the U.S. Constitution, Article 1 §§ 6 and 8 of the New York State Constitution, and New York State Correction Law § 138.

45. The Amendment Form and resulting censorship violate and have violated the plaintiff's and many other inmates' rights under the First and Fourteenth Amendments to the U.S. Constitution, Article 1 §§ 6 and 8 of the New York State Constitution, and New York State Correction Law § 138.

46. The confiscation and retention of "A Natural History of Rape: The Biological Bases of Sexual Coercion" violates the plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, Article 1 §§ 6 and 8 of the New York State Constitution, and New York State Correction Law § 138.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court grant:

A. A declaratory judgment that the Waiver Form on its face and as applied violates and has violated the plaintiff's and other inmates' rights under the First and Fourteenth Amendments to the U.S. Constitution, Article 1 §§ 6 and 8 of the New York State Constitution, and New York State Correction Law § 138;

B. A declaratory judgment that the Amendment Form on its face and as applied violates and has violated the plaintiff's and other inmates' rights under the First and Fourteenth Amendments to the U.S. Constitution, Article 1 §§ 6 and 8 of the New York State Constitution, and New York State Correction Law § 138;

C. A preliminary and permanent injunction prohibiting the defendants and all of their agents, employees, attorneys and others acting in concert with them or on their behalf from enforcing the Waiver Form against any individual;

D. A preliminary and permanent injunction prohibiting the defendants and all of their agents, employees, attorneys and others acting in concert with them or on their behalf from enforcing the Amendment Form against any individual;

E. A preliminary and permanent injunction commanding defendant NEAFACH, or whoever shall have custody of the book "A Natural History of Rape: The Biological Bases of Sexual Coercion," to return it to the plaintiff;

F. Compensatory damages of $25,000 against each of defendants FISCHER, ELFELDT, HULIHAN and ARTUS or $100,000 jointly and severally; and compensatory damages of $10,000 against each of defendants NEAFACH and DOBBINS or $20,000 jointly and severally;

G. Punitive damages of $100,000 against each of defendants FISCHER and ELFELDT or $200,000 jointly and severally; and punitive damages of $50,000 against each of defendants HULIHAN and ARTUS or $100,000 jointly and severally;

and punitive damages of $25,000 against each of defendants NEAFACH and DOBBINS or $50,000 jointly and severally;

H. Costs of this action and attorney's fees pursuant to 42 U.S.C. § 1988; and

I. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 16, 2010

JEREMY ZIELINSKI
Plaintiff, Pro Se
DIN: 06-A-4883
Gowanda Corr. Fac.
P.O. Box 311
Gowanda, NY 14070-0311

## VERIFICATION

I, JEREMY ZIELINSKI, the plaintiff herein, declare under penalty of perjury that I have read the foregoing complaint and know the contents thereof, and that the same is True and Correct; except as to those matters specifically alleged upon information and belief, and as to those matters I believe them to be true.

Executed on August 16, 2010 at Gowanda, New York.

JEREMY ZIELINSKI
Plaintiff, Pro Se
DIN: 06-A-4883
Gowanda Corr. Fac.
P.O. Box 311
Gowanda, NY 14070-0311

A



STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES

SEX OFFENDER COUNSELING AND TREATMENT PROGRAM

BRIAN FISCHER
COMMISSIONER

**ATTACHMENT 3**

# WAIVER OF ACCESS TO PORNOGRAPHY, PHOTOGRAPHS AND OTHER MATERIALS

I, _____, DIN _____, understand that as a part of my Sex Offender Counseling and Treatment Program, progress and rehabilitation, it is necessary for me to refrain from possessing or having access to materials which in the judgment of the treatment staff may be deemed to be pornography or other materials which the treatment staff have determined may encourage or otherwise suggest inappropriate sexual impulses or feelings. I understand that, although certain materials may be permissible under Directive #4572 – Media Review, I am affirmatively waiving and agreeing to refrain from possessing, reading, accessing or otherwise using pornography, photographs and other materials as directed by the treatment staff, throughout the course of the Sex Offender Counseling and Treatment Program and thereafter, including any period during which my treatment may have been suspended, as long as I am in the custody of the New York State Department of Correctional Services. I also understand and agree that the list of pornography, photographs and other materials I may not possess, read, access or use may be modified at any time during my participation in the program by the treatment staff. Upon such modification, I will be notified and I will sign an acknowledgement amending this Waiver.

Questionable materials will be reviewed by the treatment staff in consideration of my offense and treatment history. I understand that if I am found to be in possession of pornography or material found to be inappropriate, it may result in a misbehavior report, and may also result in my removal from the Sex Offender Counseling and Treatment Program or regression to an earlier module of the program, if recommended by the Treatment Team. If removal is indicated, documentation will be placed in my Guidance file and notification will be sent to the NYS Division of Parole and the NYS Board of Examiners of Sex Offenders. I also understand that once I have successfully completed the Sex Offender Counseling and Treatment Program, if found to be in possession of any inappropriate materials, this will be considered a relapse and I will be referred again to participate in the Sex Offender Counseling and Treatment Program, documentation will be placed in my Guidance folder, and both the NYS Division of Parole and the NYS Board of Examiners of Sex Offenders will be notified.

The Sex Offender Counseling and Treatment Program Policy and the Waiver of Access to Pornography, Photographs and Other Materials have been explained to me to my satisfaction by the treatment staff. I understand the policy and agree to the terms of this Waiver as set forth above.

_____        _____
Inmate Signature                                         Date

_____        _____
Treatment Staff Signature                             Date

cc:   Inmate
        Parole File
        Guidance File

34

B



STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES

SEX OFFENDER COUNSELING AND TREATMENT PROGRAM

## ATTACHMENT 3

## AMENDMENT TO WAIVER OF ACCESS TO PORNOGRAPHY, PHOTOGRAPHS AND OTHER MATERIALS

I, _____, DIN _____, agree that I will refrain from accessing, possessing, reading or otherwise using the materials listed below, throughout my Sex Offender Counseling and Treatment Program and thereafter, as long as I am in the custody of the NYS Department of Correctional Services.

These materials have been deemed by the Sex Offender Counseling and Treatment staff to be either pornographic or materials that may encourage or suggest inappropriate sexual impulses and feelings:

_____
_____
_____
_____
_____
_____
_____
_____

_____        _____
Inmate Signature                                                Date

_____        _____
Treatment Staff Signature                                        Date

cc:  Inmate
     Parole File
     Guidance File

35